IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————

AARON ORTEGA,

        Plaintiff,

v.                                                                               No. CV 16-00119 WJ/SCY

TOYOTA MOTOR SALES, U.S.A., INC.,
a California Corporation; TOYOTA MOTOR
CORPORATION, a Foreign Corporation;
TOYOTA MOTOR NORTH AMERICA, INC.,
a California Corporation; TOYOTA MOTOR
ENGINEERING & MANUFACTURING
NORTH AMERICA, INC., a Kentucky Corporation;
and LARRY H. MILLER AMERICAN TOYOTA,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S AMENDED MOTION TO REMAND AND
DENYING PLAINTIFF'S MOTION TO STRIKE SUPPLEMENT**

THIS MATTER comes before the Court upon Plaintiff's Amended Motion to Remand (**Doc. 11**), filed March 3, 2016, and Plaintiff's Motion to Strike TEMA's Supplement to Notice of Removal (**Doc. 22**), filed April 8, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Plaintiff's Motion to Strike Supplement is not well taken, and therefore **DENIED**, and Plaintiff's Amended Motion to Remand is not well taken, and therefore **DENIED**, as herein described.

**BACKGROUND**

In February of 2015, Plaintiff Aaron Ortega was driving a 2005 Toyota vehicle northbound on State Road 63 in San Miguel County, New Mexico. Plaintiff lost control of the

vehicle, which left the road and struck a tree. Plaintiff alleges that despite minor damage to the front of the vehicle, the vehicle ignited and burst into flames. As a result, Plaintiff suffered catastrophic bodily injuries. Plaintiff filed a Complaint in the First Judicial District Court of Santa Fe County, New Mexico on January 7, 2016.  Plaintiff filed suit against five parties: Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Larry H. Miller American Toyota.  In his Complaint, Plaintiff asserts a claim of Strict Products Liability against Toyota, a claim of Negligence against Toyota, a claim of Strict Liability against Larry H. Miller American Toyota, and a claim of Negligence against Larry H. Miller American Toyota.

On February 19, 2016, Defendant Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") filed a Notice of Removal (**Doc. 1**). Plaintiff filed an Amended Motion to Remand (**Doc. 11**) on March 9, 2016. TEMA subsequently filed a Supplement to Notice of Removal (**Doc. 17**) on March 24, 2016, followed by a Response to the Motion to Remand (**Doc. 18**) on March 25, 2016. Plaintiff filed a Reply in Support of Motion to Remand (**Doc. 24**) on April 8, 2016, and on the same day, filed a Motion to Strike TEMA's Supplement to Notice of Removal (**Doc. 22**). Defendants filed a Response to Plaintiff's Motion to Strike (**Doc. 26**) on April 19, 2016. Plaintiff filed a Reply (**Doc. 35**) on May 2, 2016.

## LEGAL STANDARD

Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000. *See* 28 U.S.C. § 1332.  In seeking removal, the removing party has the burden of proving both of these elements. *See Huffman v. Saul Holdings, Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).  As federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate

showing by the party invoking federal jurisdiction. *See Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003). Under 28 U.S.C. § 1332(a), the citizenship of all defendants must be different from the citizenship of all plaintiffs. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). For purposes of § 1332, a corporation is deemed to be a citizen of every State by which it has been incorporated and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Tinner v. Farmers Ins. Co. Inc.*, 504 Fed. App'x. 710, 713 (10th Cir. 2012).

## DISCUSSION

This Memorandum, Opinion, and Order addresses both Plaintiff's Motion to Strike TEMA's Supplement to Notice of Removal and Plaintiff's Amended Motion to Remand. The Court will address each Motion in turn.

**I.     Plaintiff's Motion to Strike Supplement**

On March 24, 2016, Defendant TEMA filed a Supplement to Notice of Removal (**Doc. 17**), explaining that it filed the supplement because Plaintiff challenged the sufficiency of their statement that Larry H. Miller American Toyota ("LHM-American") is a citizen of Utah for diversity purposes. TEMA's Supplement contains similar factual statements as contained in its Response, as well as the same affidavit of Sarah Starkey that Defendants attached in their Response.

Plaintiff subsequently filed a Motion to Strike TEMA's Supplement to Notice of Removal (**Doc. 22**) on April 8, 2016. Plaintiff argues that Defendant's Supplement does not comply with Local Rules, as supplementation was not ordered by the Court, is unwarranted given that TEMA knew all of the information contained within the Supplement at the time it filed its Notice of Removal, and is untimely because the Supplement comes later than thirty (30)

days after receipt of the complaint and summons, as required by 28 U.S.C. § 1446(b).

Defendants, filing collectively, argue in their Response that TEMA's Notice of Removal was timely and properly stated that LHM-American was a citizen of Utah with its principal place of business in Utah, affirmatively establishing the existence of diversity on the face of the removal notice.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Defendants argue that by challenging the accuracy of TEMA's statement regarding LHM-American's principal place of business in the Amended Motion to Remand, Plaintiff invited the Supplement as the burden fell upon TEMA as the party invoking jurisdiction to show that it exists. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994).  Defendants argue that they could have waited for the Court to order it to supplement the record in order to provide the Court with a factual basis for their averment that LHM-American's principal place of business is in Utah, or, Defendants could have supplemented the record when it became aware that such supplementation became necessary. Defendants note that in a previous case in this district involving LHM-American, the court accepted a supplement to the notice of removal without challenge and without court order to supplement the record. *See Barnard v. Ford Motor Co.*, 1:10-cv-00862-JCH-DJS, Doc. 49 (Apr. 26, 2011). There, the court applied the "nerve center" test and determined that LHM-American's "nerve center" is in Sandy, Utah. Finally, Defendants argue that no rule or opinion requires them to definitely support every affirmation made in a Notice of Removal with evidence outside the face of the Notice.

In his Reply, Plaintiff reiterates that TEMA should not be entitled to an attempt to correct deficiencies which existed at the time of Removal, as TEMA failed to affirmatively establish the citizenship of LHM-American.  Plaintiff further argues that the proper place to rebut Plaintiff's challenge would have been in the Response in Opposition to Plaintiff's Motion to Remand.

Plaintiff concludes that TEMA's conclusory statement and attached printout from the New Mexico Secretary of State website was insufficient to establish jurisdiction, and TEMA should not be afforded an additional opportunity to correct a deficiency that existed since the time of removal.

The Court agrees with Defendants that Plaintiff's Motion to Strike Supplement should not be granted. First, the Court finds that TEMA was not required to wait until this Court orders supplementation, and the Court may rely upon this supplementation in determining whether TEMA sufficiently alleged that LHM-American is a citizen of Utah for diversity jurisdiction purposes. Second, even if the Court agreed with Plaintiff and struck TEMA's Supplement to Notice of Removal, the Court would require a hearing or supplemental briefing in order to accurately determine where LHM-American's officers direct, control, and coordinate the corporation's activities. If the Court had not ordered a hearing or supplemental briefing, Defendants would likely have requested the opportunity to amend or supplement their Notice of Removal. The Tenth Circuit has determined that disallowing amendments to the notice of removal, even after the thirty-day removal window has expired, would tend to unduly exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts. *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968). This court has previously permitted a removing defendant to amend its Notice of Removal to more fully allege facts in order to satisfy the requirements of diversity jurisdiction by a preponderance of the evidence. *See, e.g.*, *Carrillo v. MCS Indus., Inc.*, No. CIV 12-0573 JB/WPL, 2012 WL 5378300, at *14 (D.N.M. Oct. 15, 2012). Therefore, the Court finds that TEMA's Supplement was not improper and was not untimely. To grant Plaintiff's Motion would only accomplish a delay in order to reach the same final result: that LHM-American is a citizen

of Utah for diversity jurisdiction purposes. For these reasons, the Court denies Plaintiff's Motion to Strike Supplement.

## II.     Plaintiff's Amended Motion to Remand

Defendant TEMA bases its Notice of Removal (**Doc. 1**) upon diversity jurisdiction under 28 U.S.C. § 1332, asserting, in relevant part, that LHM-American, a car dealership, is a Utah corporation with its principal place of business in Utah.  As evidence in support, TEMA attaches as Exhibit B a printout from the New Mexico Office of the Secretary of State, Business Services Division, stating that LHM-American is incorporated in Utah and has a mailing address in both Sandy, Utah and Albuquerque, New Mexico.

Plaintiff's Amended Motion to Remand (**Doc. 11**) notes that a corporation's principal place of business is defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Such a place is commonly referred to as the "nerve center." *Id*.  Plaintiff argues that Defendant's Exhibit B indicates that the President of LHM-American, Michael E. Malouff, has an address in Albuquerque, New Mexico.  As the "nerve center" test looks at where executive decisions are made, Plaintiff concludes that LHM-American is a citizen of the State of New Mexico.  Plaintiff further argues that the mere blanket statement in the Notice of Removal as to where LHM-American's principal place of business is located fails to establish a jurisdictional fact. *See Burge v. Sunrise Med. (US) LLC*, No 13-cv-22150-PAB-MEH, 2013 WL 6467994, at *3 (D. Colo. Dec. 9, 2013). Additionally, Plaintiff notes that LHM-American has a car dealership selling Toyota vehicles located at 5995 Alameda Blvd., NE in Albuquerque, New Mexico. Plaintiff points the Court to a prior case involving LHM-American in this District in which LHM-American admits in an Answer to a Complaint that it is "a Utah Corporation with its

principal place of business in Bernalillo County, New Mexico." (**Doc. 11**, Exs. F, G); *Jessica Villa v. Larry H. Miller Corporation, New Mexico, d/b/a Larry H. Miller American Toyota*, Case No. 1:15-cv-01061-LF-SCY.  Plaintiff argues that TEMA has failed to meet its burden of demonstrating that the Court has subject matter jurisdiction pursuant to diversity of citizenship. Plaintiff concludes that Defendants' blanket statements, combined with publicly available documents indicating that control and direction of LHM-American is exercised from the Albuquerque location, mandate the remand of this action.

      Defendants, filing collectively in their Response, argue that Plaintiff's contention that LHM-American is a New Mexico citizen is simply incorrect.  Defendants argue that all but one of LHM-American's officers are in Utah, LHM-American's corporate records are kept in Utah, board meetings are held in Utah, and in-house counsel is in Utah. In support, Defendants attach as an Exhibit an affidavit of Sarah Starkey, legal counsel for LHM-American. (**Doc. 18**, Ex. B). Defendants also attach the decision by the court in *Barnard*, in which the court applied the "nerve center" test and determined that LHM-American's "nerve center" is in Sandy, Utah. Defendants also argue that Michael E. Malouff currently serves as Vice President, rather than President, and regardless, has always called headquarters in Sandy, Utah when requiring board approval or input from company officers. Defendants next focus on LHM-American's admission in *Villa* that their principal place of business is in Bernalillo County, New Mexico, arguing that statements made in one filing do not have conclusive effect in a separate case. *See Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996).  Defendants argue that *Villa* was an employment case removed on federal question jurisdiction, so the allegation that LHM-American had its principal place of business in New Mexico was a collateral issue that they chose not to contest.  Defendants conclude that the Court should find that LHM-American has its principal

place of business in Sandy, Utah, and thus, is a citizen of Utah.

In his Reply, Plaintiff argues that it defies common sense that LHM-American would knowingly admit an incorrect jurisdictional fact, as they did in *Villa*, when a denial would be equally non-prejudicial. Plaintiff notes that while LHM-American's admission is not a binding judicial admission, it does constitute evidence that may be considered in deciding whether Defendants have carried their burden in establishing the propriety of removal. Plaintiff also takes issue with Defendants' citation to *Barnard*, noting that the finding was five years ago and under different factual circumstances. Given the factual information Defendants have brought forward subsequent to the Notice of Removal, Plaintiff argues that Defendants failed to timely submit this information to the Court. Finally, Plaintiff notes that the fact that LHM-American has changed its officers' responsibilities shows the fluid nature of the "nerve center" test and therefore accords less weight to the five-year old *Barnard* decision.

The Court finds that it is clear that Utah is the place where LHM-American's officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). TEMA's Notice of Removal, combined with TEMA's Supplement to Notice of Removal, sufficiently allege facts to satisfy the requirements of diversity jurisdiction by a preponderance of the evidence. Therefore, as LHM-American is a citizen of Utah for diversity jurisdiction purposes, complete diversity exists and this Court has subject matter jurisdiction. The affidavit of Sarah Starkey, legal counsel for LHM-American, indicates that corporate records are kept in Utah, board meetings are held in Utah, executive decisions are made in Utah, three of the four officers live in Utah and conduct regular business at the corporation's headquarters in Sandy, Utah, and numerous corporate services are provided in Utah. Under the "nerve center" test, it is clear that LHM-American is a citizen of Utah for purposes of diversity

jurisdiction. While Michael E. Malouff, a former President and current Vice President of LHM-American, has an address in Albuquerque, New Mexico, the Court finds that the weight of the evidence indicates that the "nerve center" is located in Utah. Additionally, as the registered agent, the inclusion of Michael E. Malouff's New Mexico address on the printout from the New Mexico Secretary of State website serves to satisfy the requirement that LHM-American have a registered agent for service in New Mexico. Plaintiff has brought forward no evidence to call into question the facts asserted in Sarah Starkey's affidavit.

Plaintiff cites to *Burge v. Sunrise Med. (US) LLC*, 2013 WL 6467994, at *3 (D. Colo. Dec. 9, 2013) for the proposition that the removing party must do more than summarily state that a corporation's principal place of business is located in another state. In *Burge*, the defendants stated in an affidavit that Apollo, an entity that was the sole member of defendant Sunrise Medical (US) LLC, had its principal place of business in Luxembourg, its managers were domiciled in Luxembourg, it did not have any shareholders or managers that were citizens of Colorado, and was not licensed to conduct business in Colorado. The court found that the reference to the domicile of its managers alone was insufficient to establish Luxembourg as the nerve center. Additionally, the court found that defendants' statements that they did not have shareholders or managers that were citizens or Colorado and lacked a license to conduct business in Colorado failed to *affirmatively* establish jurisdictional facts by invoking jurisdiction through negative inferences. By contrast, in this case, the printout from the New Mexico Secretary of State website and the affidavit of Sarah Starkey provide sufficient facts to affirmatively establish that LHM-American is a Utah citizen for diversity jurisdiction purposes.

The Court does note that LHM-American admitted in an Answer to a Complaint that its principal place of business is in Bernalillo County, New Mexico. *See Jessica Villa v. Larry H.*

*Miller Corporation, New Mexico, d/b/a Larry H. Miller American Toyota*, Case No. 1:15-cv-01061-LF-SCY.  The Court recognizes this admission, but finds Defendants' explanation credible: given that *Villa* was removed on federal question jurisdiction, Defendants found it unnecessary to contest a collateral issue.  Regardless, the Court accords significantly greater weight to the numerous uncontested facts showing that LHM-American's principal place of business is in Utah than it does to a single allegation admitted to in a separate case.

## CONCLUSION

Accordingly, the Court finds that Plaintiff's Motion to Strike Supplement is not well taken, and therefore **DENIED**, and that Plaintiff's Amended Motion to Remand is not well taken, and therefore **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE